PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
Tel: 212-373-3000
Fax: 212-757-3990
Alan W. Kornberg
Brian S. Hermann
Lauren Shumejda

*Proposed Counsel for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
| | | |
|---|---|---|
| **In re:** | : | **Chapter 11 Case No.** |
| | : | |
| **CGG HOLDING (U.S.) INC.,** | : | **17-[_____] (__)** |
| | : | |
| Debtor. | : | |
| | : | |
| Tax Id. No. 20-8026762 | : | |

---------------------------------------------------------------x
| | | |
|---|---|---|
| **In re:** | : | **Chapter 11 Case No.** |
| | : | |
| **CGG HOLDING B.V.,** | : | **17-[_____] (__)** |
| | : | |
| Debtor. | : | |
| | : | |
| Tax Id. No. 98-0654673 | : | |

---------------------------------------------------------------x
| | | |
|---|---|---|
| **In re:** | : | **Chapter 11 Case No.** |
| | : | |
| **CGG MARINE B.V.,** | : | **17-[_____] (__)** |
| | : | |
| Debtor. | : | |
| | : | |
| Tax Id. No. 98-0641518 | : | |

---------------------------------------------------------------x

| | | |
|---|---|---|
| ------------------------------------------------------------x | | |
| **In re:** | : | **Chapter 11 Case No.** |
| | : | |
| **CGG HOLDING I (UK) LIMITED,** | : | **17-[_____] (__)** |
| | : | |
| Debtor. | : | |
| | : | |
| Tax Id. No. 98-1282086 | : | |
| ------------------------------------------------------------x | | |
| **In re:** | : | **Chapter 11 Case No.** |
| | : | |
| **CGG HOLDING II (UK) LIMITED,** | : | **17-[_____] (__)** |
| | : | |
| Debtor. | : | |
| | : | |
| Tax Id. No. 98-1282105 | : | |
| ------------------------------------------------------------x | | |
| **In re:** | : | **Chapter 11 Case No.** |
| | : | |
| **CGG SERVICES (U.S.) INC.,** | : | **17-[_____] (__)** |
| | : | |
| Debtor. | : | |
| | : | |
| Tax Id. No. 74-1813790 | : | |
| ------------------------------------------------------------x | | |
| **In re:** | : | **Chapter 11 Case No.** |
| | : | |
| **ALITHEIA RESOURCES INC.,** | : | **17-[_____] (__)** |
| | : | |
| Debtor. | : | |
| | : | |
| Tax Id. No. 56-2475147 | : | |
| ------------------------------------------------------------x | | |
| **In re:** | : | **Chapter 11 Case No.** |
| | : | |
| **VIKING MARITIME INC.,** | : | **17-[_____] (__)** |
| | : | |
| Debtor. | : | |
| | : | |
| Tax Id. No. 76-0677405 | : | |
| ------------------------------------------------------------x | | |

| | | |
|---|---|---|
| ------------------------------------------------------------x | | |
| **In re:** | : | **Chapter 11 Case No.** |
| | : | |
| **CGG LAND (U.S.) INC.,** | : | **17-[_____] (__)** |
| | : | |
| Debtor. | : | |
| | : | |
| Tax Id. No. 76-0542437 | : | |
| ------------------------------------------------------------x | | |
| **In re:** | : | **Chapter 11 Case No.** |
| | : | |
| **SERCEL, INC.,** | : | **17-[_____] (__)** |
| | : | |
| Debtor. | : | |
| | : | |
| Tax Id. No. 73-1396603 | : | |
| ------------------------------------------------------------x | | |
| **In re:** | : | **Chapter 11 Case No.** |
| | : | |
| **SERCEL-GRC CORP.,** | : | **17-[_____] (__)** |
| | : | |
| Debtor. | : | |
| | : | |
| Tax Id. No. 45-4121837 | : | |
| ------------------------------------------------------------x | | |
| **In re:** | : | **Chapter 11 Case No.** |
| | : | |
| **SERCEL CANADA LIMITED,** | : | **17-[_____] (__)** |
| | : | |
| Debtor. | : | |
| | : | |
| Tax Id. No. 98-0679968 | : | |
| ------------------------------------------------------------x | | |
| **In re:** | : | **Chapter 11 Case No.** |
| | : | |
| **CGG CANADA SERVICES LIMITED,** | : | **17-[_____] (__)** |
| | : | |
| Debtor. | : | |
| | : | |
| Tax Id. No. 76-0624132 | : | |
| ------------------------------------------------------------x | | |

```
-----------------------------------------------------------x
In re:                                          :         Chapter 11 Case No.
                                                :
CGG MARINE RESOURCES NORGE AS,                  :         17-[_____] (__)
                                                :
                    Debtor.                     :
                                                :
Tax Id. No. 98-0377825                          :
-----------------------------------------------------------x
```

**DEBTORS' MOTION PURSUANT TO
FED. R. BANKR. P. 1015(B) FOR ENTRY OF ORDER
DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

CGG Holding (U.S.) Inc. and its affiliated debtors and debtors in possession in the above-captioned cases (each a "Debtor" and, collectively, the "Debtors"), hereby move this Court for entry of an order substantially in the form attached hereto as Exhibit A (the "Proposed Order") pursuant to rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the Debtors to jointly administer their chapter 11 cases for procedural purposes only. In support of this motion (the "Motion"), the Debtors respectfully state as follows:

**Background**

1. On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (defined below), thereby commencing the instant cases (the "Chapter 11 Cases"). The Debtors continue to manage and operate their businesses as debtors in possession under sections 1107 and 1108 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"). No trustee, examiner or official committee has been appointed in the Chapter 11 Cases.

4

2. Also on the Petition Date, the Debtors' ultimate parent company, CGG S.A., a *société anonyme* organized under French law, opened a French restructuring proceeding known as a *procedure de sauvegarde* (a safeguard proceeding) and has sought recognition of such proceeding from this Court by means of a chapter 15 petition.[1]

3. The concurrent proceedings in France and New York follow long and ultimately successful restructuring negotiations involving numerous significant stakeholders of CGG S.A. and the Debtors (collectively, with their non-Debtor affiliates and subsidiaries, the "Group") which were conducted with the assistance of a French court-appointed *mandataire ad hoc*.[2] Such proceedings are necessary to implement a comprehensive financial restructuring that has been agreed to in principle by a majority of the Group's secured creditors, a majority of the Group's high yield bondholders, and certain other financial creditors and shareholders of CGG S.A. Through this financial restructuring, the Group will, among other things, extend the term of its secured indebtedness, equitize approximately $2.0 billion of unsecured bond debt, and raise up to $500 million of new debt and equity financing.

4. Information regarding the terms of this proposed restructuring and the Group's efforts to reach this agreement in principle, and further information regarding the Debtors' businesses, capital structure, and the circumstances leading to the commencement of these Chapter 11 Cases is set forth in the Declaration of Beatrice Place-Faget Pursuant to Rule 1007-2 of the Local Rules, sworn to on the date hereof (the "First Day Declaration"), which the

---

[1] For the avoidance of doubt, by this Motion, the Debtors seek authority to jointly administer the Chapter 11 Cases only. The Debtors do not seek authority to jointly administer these Chapter 11 Cases with the recognition proceeding filed contemporaneously herewith by CGG S.A. under chapter 15 of the Bankruptcy Code.

[2] The *mandataire ad hoc* effectively acts as a mediator in the safeguard proceeding. He or she plays an important role in aiding and facilitating negotiations among a company and its stakeholders, but does not have the ability to compel the parties to reach agreement.

Debtors have filed with the Court contemporaneously herewith and which is incorporated herein by reference.

## Jurisdiction and Venue

5. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before the court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## Relief Requested

6. By this Motion, pursuant to Bankruptcy Rule 1015(b), the Debtors request entry of an order, substantially in the form attached hereto as Exhibit A, directing the joint administration and consolidation of the Chapter 11 Cases for procedural purposes only. Bankruptcy Rule 1015(b) provides that the Court may jointly administer the estates of related debtors whose petitions are pending before the same court, as is the case here.

7. The Debtors also request that the clerk of the Bankruptcy Court (the "Clerk") maintain one file and one docket for the Chapter 11 Cases, which file and docket shall be the file and docket for CGG Holding (U.S.) Inc.

8. The Debtors further request that the caption of the Chapter 11 Cases be modified as follows to reflect their joint administration:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re:                                                  :     **Chapter 11**
                                                        :
**CGG HOLDING (U.S.) INC.,** *et al.*,                  :     Case No. 17-_____ (___)
                                                        :
          Debtors.[1]                                   :     **(Jointly Administered)**
                                                        :
-----------------------------------------------------------------x

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: CGG Holding (U.S.) Inc. (6762); CGG Holding B.V. (4673); CGG Marine B.V. (1518); CGG Holding I (UK) Limited (2086); CGG Holding II (UK) Limited (2105); CGG Services (U.S.) Inc. (3790); Alitheia Resources Inc. (5147); Viking Maritime Inc. (7405); CGG Land (U.S.) Inc. (2437); Sercel, Inc. (6603); Sercel-GRC Corp. (1837); Sercel Canada Ltd. (9968); CGG Canada Services Ltd. (4132); and CGG Marine Resources Norge AS (7825). The location of the Debtors' and their non-Debtor affiliates' global corporate headquarters is Tour Maine-Montparnasse 33, Avenue du Maine, B.P. 191, 75755 Paris Cedex 15, France.

9.    In addition, the Debtors seek the Court's direction that a separate docket entry be made on the docket of each other Debtor's Chapter 11 Case, substantially as follows:

> An Order has been entered in this case in accordance with Rule 1015(b) of the Bankruptcy Rules directing the consolidation and joint administration for procedural purposes only of the chapter 11 cases of CGG Holding (U.S.) Inc.; CGG Holding B.V.; CGG Marine B.V.; CGG Holding I (UK) Limited; CGG Holding II (UK) Limited; CGG Services (U.S.) Inc.; Alitheia Resources Inc.; Viking Maritime Inc.; CGG Land (U.S.) Inc.; Sercel, Inc.; Sercel-GRC Corp; Sercel Canada Ltd.; CGG Canada Services Ltd.; and CGG Marine Resources Norge AS. The docket in the chapter 11 case of CGG Holding (U.S.) Inc., Case No. 17-_____ (___) should be consulted for all matters affecting this case.

10.   Finally, the Debtors seek authority to file the monthly operating reports required by the Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees, issued by the Executive Office of the U.S. Trustee (revised November 27, 2013) (the "U.S. Trustee Guidelines") on a consolidated basis.

7

11. The Debtors reserve all rights to file a subsequent motion seeking authority to jointly administer their cases with additional cases if the circumstances warrant doing so.

**Basis for Relief Requested**

12. On the date hereof, the Debtors commenced the above-captioned Chapter 11 Cases by filing the appropriate petitions with the Court. As set forth in the First Day Declaration, there are fourteen (14) Debtors, with more than 28,000 creditors and other parties in interest in these Chapter 11 Cases. Many of the motions, applications, hearings and orders that will arise in these Chapter 11 Cases will jointly affect each Debtor. Joint administration will allow efficient and convenient administration of the Debtors' Chapter 11 Cases, will yield significant cost savings, and will not prejudice the substantive rights of any party in interest.

13. Pursuant to Bankruptcy Rule 1015(b), if two or more petitions are pending in the same court by or against a debtor and an affiliate, "the Court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). Here, all of the Debtors are "affiliates" of CGG Holding B.V., as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, this Court has the authority to grant the relief requested herein.

14. Joint administration of the Debtors' respective estates will ease the administrative burden on the Court and all parties in interest in these Chapter 11 Cases, particularly in light of the unified manner in which the Debtors, together with their non-debtor affiliates, operate their businesses as described in the First Day Declaration.

15. The joint administration of these Chapter 11 Cases will also permit the Clerk to utilize a single docket for all the Chapter 11 Cases and to combine notices to creditors and other parties in interest in the Debtors' respective cases. In addition, there will likely be numerous motions, applications, and other pleadings filed in these Chapter 11 Cases that will

affect most or all of the Debtors. Joint administration will permit counsel for all parties in interest to include the Chapter 11 Cases in a single caption for the numerous documents that are likely to be filed and served in these cases. Joint administration will also enable parties in interest in each of the Chapter 11 Cases to stay apprised of all the various matters before the Court.

16. The joint administration of these Chapter 11 Cases will not prejudice or adversely affect the rights of the Debtors' creditors because the relief sought herein is purely procedural and is not intended to affect substantive rights. Because these Chapter 11 Cases involve fourteen (14) Debtors, joint administration will significantly reduce the volume of paper that otherwise would be filed with the Clerk, render the completion of various administrative tasks less costly, and minimize the number of unnecessary delays. Moreover, the relief requested by this Motion will also simplify supervision of the administrative aspects of these Chapter 11 Cases by the Office of the United States Trustee (the U.S. Trustee").

17. The joint administration of multiple related cases such as these is common in this jurisdiction. *See, e.g.*, *In re Westinghouse Electric Co. LLC*, Case No. 17-10751 (MEW) (Bankr. S.D.N.Y. Mar. 29, 2017) [ECF No. 31]; *In re Answers Holdings, Inc.*, Case No. 17-10496 (SMB) (Bankr. S.D.N.Y. Mar. 9, 2017) [ECF No. 43]; *In re Ultrapetrol (Bahamas) Ltd.*, Case No. 17-22168 (RDD) (Bankr. S.D.N.Y. Feb. 10, 2017) [ECF No. 45]; *In re Avaya Inc.*, No. 17-10089 (SMB) (Bankr. S.D.N.Y. Jan. 20, 2017) [ECF No. 46]; *In re Breitburn Operating LP,* Case No. 16-11390 (SMB) (Bankr. S.D.N.Y. May 16, 2016) [ECF No. 30]; *In re Fairway Group Holdings Corp.*, Case No. 16-11241 (MEW) (Bankr. S.D.N.Y. May 3, 2016) [ECF No. 22]; *In re Sabine Oil & Gas Corp.*, No. 15-11835 (SCC) (Bankr. S.D.N.Y. July 16, 2015) [ECF No. 48-1].

18. Finally, the Debtors seek authority to file their monthly operating reports (the "MORs"), required by the U.S. Trustee Guidelines by consolidating the information required for each Debtor in one report that tracks and breaks out all of the specific information (*e.g.,* receipts, disbursements, etc.) on a debtor-by-debtor basis in each monthly operating report. Consolidating information would further administrative economy and efficiency in these Chapter 11 Cases without prejudice to any party in interest, as the MORs would accurately reflect the Debtors' business operations and financial affairs.

19. Courts in this district have granted similar relief in other chapter 11 cases. *See, e.g.*, *In re Avaya Inc.*, No. 17-10089 (SMB) (Bankr. S.D.N.Y. Jan. 20, 2017) [ECF No. 46] (authorizing debtors to file consolidating monthly operating report that "tracks and breaks out all of the specific information (*e.g.*, receipts, disbursements, etc.) on a debtor-by-debtor basis"); *In re Answers Holdings, Inc.*, Case No. 17-10496 (SMB) (Bankr. S.D.N.Y. Mar. 9, 2017) [ECF No. 43] (same); *In re Ultrapetrol (Bahamas) Ltd.*, Case No. 17-22168 (RDD) (Bankr. S.D.N.Y. Feb. 10, 2017) [ECF No. 45] (same); *In re Erza Holding Limited*, No. 17-22405 (RDD) (Bankr. S.D.N.Y. Mar. 27, 2017) [ECF No. 23] (same); *In re Republic Airways Services, Inc.*, Case No. 16-10429 (SHL) (Bankr. S.D.N.Y. Feb. 29, 2016) [ECF No. 39] (same); *In re Fairway Group Holdings Corp.*, Case No. 16-11241 (MEW) (Bankr. S.D.N.Y. May 3, 2016) [ECF No. 22] (same).

20. For these reasons, the Debtors submit that the relief requested herein is in the best interests of the Debtors, their estates and creditors, and therefore should be granted.

**Notice**

21. Notice of this Motion will be provided to: (i) William K. Harrington, the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn: Andrea Schwartz and Susan Arbeit); (ii) counsel to the administrative agent

for the Second Amendment and Restatement of the Multicurrency Revolving Facility Agreement, dated February 4, 2016, as amended from time to time, entered into by CGG S.A. as borrower and certain of the Debtors as guarantors; (iii) counsel to the administrative agent under the Amended and Restated Credit Agreement, dated January 10, 2016, as amended from time to time, entered into by CGG Holding (U.S.) Inc. as borrower and certain of the Debtors and CGG S.A. as guarantors; (iv) counsel to the administrative agent under the Term Loan Credit Agreement, dated November 19, 2015, as amended from time to time, entered into by CGG Holding (U.S.) Inc. as borrower and certain of the Debtors and CGG S.A. as guarantors; (v) counsel to the indenture trustee under the 5.875% Senior Unsecured Notes due 2020, issued by CGG S.A. as borrower and guaranteed by each of the Debtors; (vi) counsel to the indenture trustee under the 6.5% Senior Unsecured Notes due 2021, issued by CGG S.A. as borrower and guaranteed by each of the Debtors; (vii) counsel to the indenture trustee under the 6.875% Senior Unsecured Notes due 2022, issued by CGG S.A. as borrower and guaranteed by each of the Debtors; (viii) counsel to the ad hoc bondholders committee, Willkie Farr & Gallagher, 787 Seventh Avenue, New York, NY 10019 (Attn: John Longmire and Weston Eguchi); (ix) counsel to the senior lender group, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022 (Attn: Stephen Hessler and Anthony Grossi); (x) counsel to DNCA, Orrick Herrington & Sutcliffe, 31, Avenue Pierre 1er de Serbie, Paris 75782 Cedex 16 France (Attn: Saam Golshani);  (xi) counsel to the ad hoc convertible bondholder committee, Darrois Villey Maillot Brochier, 69 Avenue Victor Hugo, 75116 Paris, France (Attn: Francois Kopf); (xii) the Internal Revenue Service; (xiii) the Securities and Exchange Commission; (xiv) the United States Attorney's Office for the Southern District of New York; (xv) NYS Department of Taxation and Finance, Building 9, W A Harriman Campus, Albany NY

12227 (Attn: Office of Counsel); and (xvi) the holders of the thirty (30) largest unsecured claims against the Debtors, on a consolidated basis (collectively, the "Notice Parties"). Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-1(b). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

22. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

WHEREFORE, the Debtors respectfully request the entry of the Proposed Order granting the relief requested herein and such other and further relief as is just and proper.

Dated: June 14, 2017
New York, New York

        PAUL, WEISS, RIFKIND, WHARTON
        & GARRISON LLP

        */s/ Alan W. Kornberg*
        Alan W. Kornberg
        Brian S. Hermann
        Lauren Shumejda
        1285 Avenue of the Americas
        New York, New York  10019
        Telephone:  (212) 373-3000
        Facsimile:  (212) 757-3990
        akornberg@paulweiss.com
        bhermann@paulweiss.com
        lshumejda@paulweiss.com

        *Proposed Counsel for Debtors and*
        *Debtors in Possession*

# EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
| | | |
|---|---|---|
| **In re:** | : | **Chapter 11 Case No.** |
| | : | |
| **CGG HOLDING (U.S.) INC.,** | : | **17-[_____] (__)** |
| | : | |
| Debtor. | : | |
| | : | |
| Tax Id. No. 20-8026762 | : | |

------------------------------------------------------------x
| | | |
|---|---|---|
| **In re:** | : | **Chapter 11 Case No.** |
| | : | |
| **CGG HOLDING B.V.,** | : | **17-[_____] (__)** |
| | : | |
| Debtor. | : | |
| | : | |
| Tax Id. No. 98-0654673 | : | |

------------------------------------------------------------x
| | | |
|---|---|---|
| **In re:** | : | **Chapter 11 Case No.** |
| | : | |
| **CGG MARINE B.V.,** | : | **17-[_____] (__)** |
| | : | |
| Debtor. | : | |
| | : | |
| Tax Id. No. 98-0641518 | : | |

------------------------------------------------------------x
| | | |
|---|---|---|
| **In re:** | : | **Chapter 11 Case No.** |
| | : | |
| **CGG HOLDING I (UK) LIMITED,** | : | **17-[_____] (__)** |
| | : | |
| Debtor. | : | |
| | : | |
| Tax Id. No. 98-1282086 | : | |

------------------------------------------------------------x
| | | |
|---|---|---|
| **In re:** | : | **Chapter 11 Case No.** |
| | : | |
| **CGG HOLDING II (UK) LIMITED,** | : | **17-[_____] (__)** |
| | : | |
| Debtor. | : | |
| | : | |
| Tax Id. No. 98-1282105 | : | |

------------------------------------------------------------x

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11 Case No.** |
| **CGG SERVICES (U.S.) INC.,** | : | **17-[_____] (__)** |
| Debtor. | : | |
| Tax Id. No. 74-1813790 | : | |

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11 Case No.** |
| **ALITHEIA RESOURCES INC.,** | : | **17-[_____] (__)** |
| Debtor. | : | |
| Tax Id. No. 56-2475147 | : | |

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11 Case No.** |
| **VIKING MARITIME INC.,** | : | **17-[_____] (__)** |
| Debtor. | : | |
| Tax Id. No. 76-0677405 | : | |

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11 Case No.** |
| **CGG LAND (U.S.) INC.,** | : | **17-[_____] (__)** |
| Debtor. | : | |
| Tax Id. No. 76-0542437 | : | |

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11 Case No.** |
| **SERCEL, INC.,** | : | **17-[_____] (__)** |
| Debtor. | : | |
| Tax Id. No. 73-1396603 | : | |

2

```
---------------------------------------------------------------x
In re:                                           :       Chapter 11 Case No.
                                                 :
SERCEL-GRC CORP.,                                :       17-[_____] (__)
                                                 :
                Debtor.                          :
                                                 :
Tax Id. No. 45-4121837                           :
                                                 :
---------------------------------------------------------------x
In re:                                           :       Chapter 11 Case No.
                                                 :
SERCEL CANADA LIMITED,                           :       17-[_____] (__)
                                                 :
                Debtor.                          :
                                                 :
Tax Id. No. 98-0679968                           :
---------------------------------------------------------------x
In re:                                           :       Chapter 11 Case No.
                                                 :
CGG CANADA SERVICES LIMITED,                     :       17-[_____] (__)
                                                 :
                Debtor.                          :
                                                 :
Tax Id. No. 76-0624132                           :
---------------------------------------------------------------x
In re:                                           :       Chapter 11 Case No.
                                                 :
CGG MARINE RESOURCES NORGE AS,                   :       17-[_____] (__)
                                                 :
                Debtor.                          :
                                                 :
Tax Id. No. 98-0377825                           :
---------------------------------------------------------------x
```

**ORDER PURSUANT TO FED. R. BANKR. P. 1015(B)
DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES**

Upon the Motion[1] of CGG Holding (U.S.) Inc. and its affiliated debtors and debtors in possession in the above-captioned cases (each a "Debtor" and collectively, the "Debtors") for entry of an order, pursuant to Bankruptcy Rule 1015(b), authorizing the joint administration of

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

3

the Debtors' cases under chapter 11 of the Bankruptcy Code; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of the Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and a hearing having been held to consider the relief requested in the Motion; and upon consideration of the First Day Declaration; and upon the record of the hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties in interest; and that the legal and factual bases set forth in the Motion having established just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Motion is hereby GRANTED to the extent provided herein.

2. The Debtors' Chapter 11 Cases are hereby consolidated for procedural purposes only and shall be jointly administered by this Court.

3. The caption of the jointly administered cases shall read as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re:                                          :         Chapter 11
                                                :
**CGG HOLDING (U.S.) INC.,** *et al.*,           :         Case No. 17-_____ (___)
                                                :
        **Debtors.**[1]                         :         **(Jointly Administered)**
                                                :
---------------------------------------------------------------x

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: CGG Holding (U.S.) Inc. (6762); CGG Holding B.V. (4673); CGG Marine B.V. (1518); CGG Holding I (UK) Limited (2086); CGG Holding II (UK) Limited (2105); CGG Services (U.S.) Inc. (3790); Alitheia Resources Inc. (5147); Viking Maritime Inc. (7405); CGG Land (U.S.) Inc. (2437); Sercel, Inc. (6603); Sercel-GRC Corp. (1837); Sercel Canada Ltd. (9968); CGG Canada Services Ltd. (4132); and CGG Marine Resources Norge AS (7825). The location of the Debtors' and their non-Debtor affiliates' global corporate headquarters is Tour Maine-Montparnasse 33, Avenue du Maine, B.P. 191, 75755 Paris Cedex 15, France.

4.  The docket entry shall be made in the Chapter 11 Cases of each of CGG Holding (U.S.) Inc.; CGG Holding B.V.; CGG Marine B.V.; CGG Holding I (UK) Limited; CGG Holding II (UK) Limited; CGG Services (U.S.) Inc.; Alitheia Resources Inc.; Viking Maritime Inc.; CGG Land (U.S.) Inc.; Sercel, Inc.; Sercel-GRC Corp.; Sercel Canada Ltd.; CGG Canada Services Ltd.; and CGG Marine Resources Norge AS substantially as follows:

> An Order has been entered in this case in accordance with Rule 1015(b) of the Bankruptcy Rules directing the consolidation and joint administration for procedural purposes only of the chapter 11 cases of CGG Holding (U.S.) Inc.; CGG Holding B.V.; CGG Marine B.V.; CGG Holding I (UK) Limited; CGG Holding II (UK) Limited; CGG Services (U.S.) Inc.; Alitheia Resources Inc.; Viking Maritime Inc.; CGG Land (U.S.) Inc.; Sercel, Inc.; Sercel-GRC Corp; Sercel Canada Ltd.; CGG Canada Services Ltd.; and CGG Marine Resources Norge AS. The docket in the chapter 11 case of CGG Holding (U.S.) Inc., Case No. 17-_____ (___) should be consulted for all matters affecting this case.

5.  The Debtors may file their MORs required by the Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees, issued by the Executive

Office of the U.S. Trustee (revised November 27, 2013), by consolidating the information required for each Debtor in one report.

6. The Debtors are authorized to take all action necessary to carry out this Order.

7. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated:   [ ] __, 2017
         New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE